**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| RONTRAVIOUS PORTER, | |
| Plaintiff, | CIVIL ACTION NO.: 6:15-cv-113 |
| v. | |
| SGT. RONNIE SHUMAKE; CO II DOTTSON; CO II SAPP; and CO II CAMBPELL, | |
| Defendants. | |

## <u>ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983. (Doc. 1.) For the reasons set forth below, Plaintiff's claims regarding excessive force, failure to intervene, and deliberate indifference to health and safety should proceed. However, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against Defendants in their official capacities. The Court **DIRECTS** the United States Marshal to serve Defendants with a copy of Plaintiff's Complaint, (doc. 1), and this Order.

## BACKGROUND

On October 28, 2013, Defendants Sergeant Ronnie Shumake, Correctional Officer Sapp, Correctional Officer Dottson, and Correctional Officer Campbell approached Plaintiff's cell. (Doc. 1, p. 5.) Defendant Shumake gave Plaintiff orders while Defendants Sapp, Dottson, and Campbell stood at the door. <u>Id.</u> Defendant Dottson and Campbell both had cameras to record an "extraction" of Plaintiff from his cell. <u>Id.</u> Plaintiff complied with all of Defendant Shumake's

orders and stripped naked, bent over, and spread his buttocks. Id. Then, as Plaintiff stood back up, Defendants Dottson and Campbell pointed their cameras to the ground. (Id.at pp. 5–6.) Defendant Shumake then sprayed Plaintiff with pepper spray though the cell door. (Id. at p. 6.) Shumake sprayed Plaintiff's face, groin area, and buttocks without any provocation. Id. Plaintiff had complied with all of the officers' commands before being sprayed with the pepper spray. Id. The officers then left Plaintiff in the cell filled with pepper spray for eight minutes, causing Plaintiff to hyperventilate and causing burning in Plaintiff's lungs and chest. Id. Plaintiff's skin burned for at least twenty-four hours. Id.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . .

a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.      Claims Against Defendants in Their Official Capacities

Plaintiff cannot sustain his Section 1983 claims for monetary damages against Defendants in their official capacities.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Section 1983 does not abrogate the well-established immunities of a state from suit without its consent.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983.  Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of the Georgia Department of Corrections.  Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities.  See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).  Consequently, the Court should **DISMISS** Plaintiff's claims against Defendants in their official capacities.

### II.     Excessive Force Claims Against Defendant Shumake

The Eighth Amendment's proscription against cruel and unusual punishment governs the amount of force that prison officials are entitled to use against inmates.  Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999).  An excessive force claim has two requisite parts: an objective and a subjective component.  Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994).  In order to satisfy the objective component, the inmate must show that the prison official's conduct was "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter,

501 U.S. 294, 298 (1991)). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than "a good faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320–21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, courts consider the following factors: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Skelly v. Okaloosa Cty. Bd. of Cty. Comm'rs, 456 F. App'x 845, 848 (11th Cir. 2012) (quoting Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009)).

Plaintiff has made sufficient allegations to state a plausible claim that Defendant Shumake used excessive force against him on the date of the incident. He alleges that Defendant Shumake sprayed him with pepper spray without any provocation or other reason. These claims survive frivolity review.

**III.    Failure to Intervene Claims Against Defendants**

"[A]n officer can be liable for failing to intervene when another officer uses excessive force." Priester v. City of Riviera Beach, 208 F.3d 919, 924 (11th Cir. 2000) ("[I]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable[.]" (alterations in original) (citing Ensley v. Soper, 142 F.3d 1402, 1407–08 (11th Cir. 1998))). "This liability, however, only arises when the officer is in a position to intervene and fails to do so." Id.; see also Keating v. City of Miami, 598 F.3d 753, 764 (11th Cir. 2010) (explaining that a direct failure to intervene claim "requir[es] the allegations to include facts showing the necessity

or real opportunity for the defendant-officers to intervene in a fellow officer's unlawful conduct"). However, if there is no underlying use of excessive force, another officer has no obligation to intervene. Crenshaw v. Lister, 556 F.3d 1283, 1294 (11th Cir. 2009).

Plaintiff has stated cognizable failure to intervene claims against Defendants Sapp, Dottson, and Campbell. He alleged that these Defendants were present during Defendant Shumake's use of force but did nothing to protect Plaintiff and even turned their cameras away from the incident. Consequently, these claims shall procced.

**IV.      Deliberate Indifference to Health and Safety**

The Eighth Amendment requires prison officials to take reasonable measures to ensure the safety of inmates. Farmer, 511 U.S. at 828. This right to safety is violated when prison officials show a deliberate indifference to a substantial risk of serious harm. Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (citing Farmer, 511 U.S. at 828). In order to prevail on such a claim, the plaintiff must establish the following: (1) there was a substantial risk of serious harm to him; (2) defendant showed a deliberate indifference to this risk; and (3) there is a causal connection between the defendant's acts or omissions and the alleged constitutional deprivation. Id.

"To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319–20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith v.

Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010).  In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence."  Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

Plaintiff has alleged sufficient facts that Defendants knew of and disregarded a risk of serious harm to Plaintiff by keeping Plaintiff in his cell for an extended period after the use of the pepper spray.  See Santos v. New York City Dep't of Corr., No. 08CIV8790GBDTHK, 2010 WL 1142066, at *4 (S.D.N.Y. Feb. 25, 2010), report and recommendation adopted, No. 08CV8790GBDTHK, 2010 WL 1142065 (S.D.N.Y. Mar. 25, 2010) (denying motion to dismiss on claim that officer was deliberately indifferent to a serious risk of harm when she exposed plaintiff to a high-pressure stream of chemicals from a fire extinguisher).  Accordingly, these claims shall also survive frivolity review.

**CONCLUSION**

For the numerous reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's claims against Defendants in their official capacities.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

## REMAINING CLAIMS AND DEFENDANTS

As stated above, Plaintiff's allegations in his Complaint arguably state colorable claims against Defendants under 42 U.S.C. § 1983 and the Eighth Amendment. Consequently, a copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendants by the United States Marshal without prepayment of cost. The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and

any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).  Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver.  Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination.  Fed. R. Civ. P. 30(a).  Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer.  Local Rule 26.1.  Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30.  As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any.  Defendants shall present such questions to the witness seriatim during the deposition.  Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or his counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes

of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a Defendant.  Interrogatories are not to contain more than twenty-five (25) questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents (\$.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents (\$.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution.  Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants.  Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.  Failing to answer questions at the deposition or giving evasive or incomplete

responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants'

motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of January, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA