# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

RONTRAVIOUS PORTER,

    Plaintiff,

v.

SGT. RONNIE SHUMAKE; CO II DOTTSON; CO II SAPP; and CO II CAMBPELL,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-113

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on numerous Motions filed by the Plaintiff and Defendants. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion to Amend his Complaint, (doc. 17), **GRANTS** Plaintiff's Motion for an Extension of Time to File a Response to Defendants' Motion to Dismiss, (doc. 15), and **DENIES** Plaintiff's Motion for Counsel, (doc. 16). Additionally, the Court **DENIES** Plaintiff's Motion to Strike or Stay Defendants' Motion to Dismiss, (doc. 18), and I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for a Preliminary Injunction, (doc. 18). Lastly, the Court **GRANTS** Defendants' Motion to Stay, (doc. 14).

## **BACKGROUND**

Plaintiff, an inmate at Georgia State Prison, filed this action, *pro se*, pursuant to 42 U.S.C. § 1983. He claims that, on October 28, 2013, Defendants, correctional officers at the Prison, used excessive force against him. On January 13, 2016, the Court conducted a frivolity

review of Plaintiff's Complaint and recommended dismissal of his official capacity claims but ordered that the Complaint be served on Defendants. (Doc. 9.) After being served with the Complaint, Defendants filed a Motion to Dismiss Plaintiff's claims in their entirety on March 23, 2016. (Doc. 13.) They claim that Plaintiff failed to exhaust his administrative remedies. (Id.) Concurrently with that Motion, Defendants moved to stay discovery. (Doc. 14.) Plaintiff then filed a series of Motions in the case. He moved for an extension of time to respond to the Motion to Dismiss, (doc. 15), for appointment of counsel, (doc. 16), and to Amend his Complaint, (doc. 17). Plaintiff also filed a Motion titled "Motion for Preliminary Injunction; Motion to Strike or Stay Defendant Motion to Dismiss; Alternatively, Plaintiff's Partial Response to Defendant Motion to Dismiss." (Doc. 18.)

## DISCUSSION

### I. Plaintiff's Motion to Amend (Doc. 17)

In his Motion to Amend, Plaintiff seeks to add numerous new claims and Defendants to this case. (Doc. 17.) Generally, he claims that these proposed Defendants have denied him access to legal materials. He claims that, if prison officials had provided him proper access to a law library, then he would have learned about the requirement that he exhaust his administrative remedies before filing suit. (Doc. 17-1, p. 2.) He contends that, due to his inability to access legal resources, he is unable to research authorities to rebut Defendants' Motion to Dismiss. (Id. at 3.) He also claims that he cannot research the elements of his claim and assess what facts are necessary to state a cause of action. Id.

Federal Rule of Civil Procedure 15(a)(2) directs that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Thus, generally, a district court should afford a plaintiff at least one opportunity to amend a complaint in order to correct deficiencies. Langlois

v. Traveler's Ins. Co., 401 F. App'x 425, 426 (11th Cir. 2010) (citing Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005)). "Ordinarily, if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, leave to amend should be freely given." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262 (11th Cir. 2004) (quotations and citations omitted). An exception to this rule exists, however, "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

Plaintiff's proposed amendment to his Complaint would be futile for several reasons. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, Article IV of the Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). However, not every denial of access to the Courts will give rise to a Section 1983 claim. Rather, the Eleventh Circuit has stated the following regarding access to courts claims alleging that an inmate does not have access to a law library:

> '[T]he fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law.' Bounds v. Smith, 430 U.S. 817, 828 (1977). The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.' Lewis v. Casey, 518 U.S. 343, 351 (1996); see Weaver v. Brenner, 40 F.3d 527, 533 (2d Cir. 1994) (recognizing that, when judicial decisions subsequently delineate that a right that generally appeared to exist at the time of the government official's conduct did not actually exist, then "the conduct will not subject the official to liability"). While Bounds guarantees the right of access to the courts under the Fourteenth Amendment, prisoners have no inherent or independent right of access to a law library or to legal assistance. See Lewis, 518 U.S. at 349–51. Instead, they must show actual injury in the pursuit of specific

3

> types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement. Id. at 355–57. 'Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.' Id. at 355.

Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1988).

With respect to access-to-court claims, Lewis clarifies that a plaintiff first must show actual injury before seeking relief under Bounds. See Bass v. Singletary, 143 F.3d 1442, 1444 (11th Cir. 1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a non-frivolous, post-conviction claim or civil rights action. See id. at 1445. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. See id. at 1446. Therefore, in an access-to-courts claim, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). Rather, a plaintiff must demonstrate that the lack of a law library or inadequate access to counsel hindered his "efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." Id.

Plaintiff has failed to set forth any factual allegations detailing his pursuit of a non-frivolous, post-conviction matter or a civil rights action which has been thwarted by his inability to access a law library. Plaintiff claims that the lack of access to legal materials has made it difficult for him to prosecute this action. However, regardless of that alleged difficulty, this action is still pending. Consequently, under Bounds and its progeny, Plaintiff has not shown any

actual injury as to his legal access claim. As such, even if he were allowed to amend his Complaint to assert those claims, that amendment would be futile.

Moreover, Plaintiff's claims regarding the denial of legal access are unrelated to his claims already asserted in this action. Through his original Complaint, Plaintiff claims that the existing Defendants used excessive force against him on October 28, 2013. (Doc. 1.) The facts underlying his proposed amended claims are far removed in time and subject from those events. Plaintiff cannot pursue unrelated claims in one Section 1983 Complaint. Smith v. Owens, No. 14-14039, 2015 WL 4281241, at *4 (11th Cir. July 16, 2015) (upholding this Court's dismissal of unrelated claims pursuant to Federal Rule of Civil Procedure 20(a), which will allow the joinder of claims if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action."). Other than the fact that they both allegedly arose at GSP, Plaintiff's excessive force claims and his denial of access to legal materials claims have no relation to one another. These claims involve entirely different transactions, facts, and occurrences, as well as legal standards. Accordingly, they cannot be pursued in the same action.

For all of these reasons, the Court **DENIES** Plaintiff's Motion to Amend.

## II. Plaintiff's Motion for Extension of Time (Doc. 15)

The Court **GRANTS** Plaintiff's Motion for additional time to respond to Defendants' Motion to Dismiss. Plaintiff shall have **twenty-one days from the date of this Order** to file his response to Defendants' Motion. Additionally, the Court provides instructions to Plaintiff regarding Defendants' Motion to Dismiss, which Plaintiff is urged to follow.

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. Consequently, the Court

is reluctant to rule on the Motion to Dismiss without receiving a response from the Plaintiff or ensuring that Plaintiff is advised of the potential ramifications caused by his failure to respond. Once a motion to dismiss is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiff in this case is a *pro se* litigant. Haines v. Kerner, 404 U. S. 519, 520 (1972). Additionally, when a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiff as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The granting of a motion to dismiss without affording the plaintiff either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336–37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this court,[1] should not in any way serve as a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal. Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006).

Accordingly, Plaintiff is hereby **ORDERED** to file any response in opposition to the Defendants' motion for a dismissal or to inform the court of his decision not to oppose Defendants' motion **within twenty-one (21) days of the date of this Order**. Tazoe, 631 F.3d at 1336 (advising that a court can not dismiss an action without employing a fair procedure).

---

[1] Local Rule 7.5 states,

> Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. Failure to respond shall indicate that there is no opposition to a motion.

(emphasis added).

Should Plaintiff not timely respond to Defendants' motion, the Court will determine that Plaintiff does not oppose to the motion, and may dismiss this action. See Local Rule 7.5.

To assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby instructed to attach a copy Federal Rules of Civil Procedure 41 and 12 to the copy of this Order that is served on the Plaintiff.

### III.  Plaintiff's Motion for Appointment of Counsel (Doc. 16)

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Wright, 562 F. App'x at 777 (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." Id. (citing Smith v. Warden, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); Wright, 562 F. App'x at 777; Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 702 (11th Cir. 2013); McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010); Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010); Fowler, 899 F.2d at 1091, 1096; Wahl, 773 F.2d at 1174). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his position" to the Court.

For these reasons, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**IV. Plaintiff's Motion for a Preliminary Injunction and Motion to Strike or Stay Defendants' Motion to Dismiss (Doc. 18)**

In his Motion for a Preliminary Injunction, Plaintiff requests that the Court order prison officials to provide him with various legal materials. (Doc. 18, pp. 2–3.) To be entitled to a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of ultimate success on the merits; (2) that a restraining order or injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the restraining order or injunction would inflict on the other party; and (4) that the restraining order or injunction would not be adverse to the public interest. Schiavo ex rel. Schindler v.

Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Similarly, a plaintiff requesting a permanent injunction must satisfy the following four-factor test:

> (1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006). Thus, "[t]he standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success." Siegel v. LePore, 234 F.3d 1163, 1213 (11th Cir. 2000) (Carnes, J., dissenting). In either case, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. State of Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in

9

the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

Plaintiff's request for a Preliminary Injunction pertains to his proposed denial of legal access claims. As explained above, while Plaintiff attempts to assert those claims in this action by way of his Amended Complaint, he cannot do so. Because those claims are not before the Court, the Court obviously cannot grant Plaintiff preliminary injunctive relief on the claims. Moreover, the proposed defendants responsible for providing Plaintiff access to legal materials are not Defendants Shumake, Dottson, Sapp, and Cambell, the only defendants properly before the Court. Because the Defendants that would be responsive to the preliminary injunction are not parties to this action, this Court lacks jurisdiction to enter any restraining order or injunction against them. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs., 72 F.3d 842, 842–43 (11th Cir. 1995) (stating that district court lacks subject-matter jurisdiction to issue preliminary or permanent injunction against nonparty). Moreover, at this point, Plaintiff has not established a substantial likelihood of ultimate success on the merits of his claims. For these reasons, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for a Preliminary Injunction.

In his Motion to Stay or to Strike Defendants' Motion to Dismiss, Plaintiff once again cites his lack of access to a law library. (Doc. 18, p. 4.) He contends that he cannot respond to Defendants' arguments because of his lack of legal materials. However, he then goes on to offer a partial response in which he cites several legal authorities. Id. Plaintiff has not provided any grounds to stay a ruling on Defendants' Motion, much less to strike the Motion. However, as laid out above, the Court has given Plaintiff additional time to respond to the Motion to Dismiss. Accordingly, Plaintiff's Motion to Stay or Strike Defendants' Motion to Dismiss is **DENIED**.

Additionally, and in an abundance of caution, the Court **DIRECTS** counsel for Defendants to contact the administration at Georgia State Prison within **five days of the date of this Order** and to ensure that Plaintiff is receiving the access to legal materials and authorities that the Department of Corrections' operating procedures require an inmate such as Plaintiff to receive. The Court offers no opinion as to whether Plaintiff has received inadequate access to legal materials date. Nonetheless, the Court directs counsel to take this precautionary measure to ensure that Plaintiff has an opportunity to fairly litigate this action.

## V. Defendants' Motion to Stay (Doc. 14)

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005))

("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds good cause exists to stay this case until such time as a ruling is made on Defendants' Motion and that no prejudice will accrue to the parties if Defendants' request is granted. Specifically, a ruling on Defendants' Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery. **THEREFORE, IT IS HEREBY ORDERED** that all proceedings, including discovery, are stayed pending a ruling by the Court on Defendants' Motion to Dismiss, at which time a discovery schedule will be entered as to any claims that may remain. This ruling does not affect Plaintiff's obligation to file a response to Defendants' Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Amend his Complaint, (doc. 17), **GRANTS** Plaintiff's Motion for an Extension of Time to File a Response to Defendants' Motion to Dismiss, (doc. 15), and **DENIES** Plaintiff's Motion for Counsel, (doc. 16). Additionally, the Court **DENIES** Plaintiff's Motion to Strike or Stay Defendant's Motion to Dismiss, (doc. 18), and **GRANTS** Defendants' Motion to Stay, (doc. 14).

Further, I **RECOMMEND** that the Court **DENY** Plaintiff's Motion for a Preliminary Injunction, (doc. 18). The Court **ORDERS** any party seeking to object to that Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED**, this 22nd day of April, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA