# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

RONTRAVIOUS PORTER,

    Plaintiff,

v.

RONNIE SHUMAKE; CO II DOTTSON; CO II SAPP; and CO II CAMBELL,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-113

## O R D E R

This matter comes before the Court on Plaintiff's Motion to Compel, (doc. 35), and the United States Marshal's Return of Service as Unexecuted for Defendants CO II Dottson and CO II Cambell, (docs. 36, 37). For the reasons and in the manner set forth below, the Court **DENIES** Plaintiff's Motion to Compel and **DIRECTS** the United States Marshal to make reasonable efforts to locate and personally serve Defendants Dottson and Cambell.

## BACKGROUND

Plaintiff filed this action on September 21, 2015, contesting an alleged use of force during his confinement at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) In his Complaint, Plaintiff alleges that Defendants sprayed his face, groin area, and buttocks without any provocation and then left him in a cell filled with pepper spray, causing hyperventilation, burning in the lungs and chest, and burning of his skin for at least twenty-four hours. (Id. at pp. 5–6.)

On January 13, 2016, the Court conducted the requisite frivolity review of Plaintiff's Complaint. (Doc. 9.) Therein, I concluded that Plaintiff set forth viable Eighth Amendment claims against Defendants in their individual capacities. (Id.) In that Order, the Court directed

the United States Marshal to serve Defendants Shumake, CO II Dottson, CO II Sapp, and CO II Cambell with a copy of Plaintiff's Complaint and the January 13, 2016, Report and Recommendation. (Doc. 9, pp. 1, 8.)

On March 23, 2016, Defendants Sapp and Shumake filed a Motion to Dismiss, (doc. 13), which the Court granted in part and denied in part, (doc. 30). Plaintiff's Eighth Amendment excessive force and failure to intervene claims for nominal damages as to Defendants Sapp and Shumake survived the Motion to Dismiss. (Id.)

However, on November 9, 2016, service of process forms for Defendants Dottson and Cambell were returned as unexecuted. (Docs. 36, 37.) Additionally, Plaintiff filed a Motion to Compel on November 7, 2016. (Doc. 35.)

## DISCUSSION

### I. Plaintiff's Motion to Compel Discovery (Doc. 35)

Plaintiff filed a Motion to Compel Discovery, requesting that the Court "intervene" and compel Defendants to respond to his interrogatories and provide certain documents. (Doc. 35, p. 1.) However, Plaintiff does not indicate that he has complied with this Court's Local Rule 26.5. Plaintiff does not provide any grounds he has for filing the Motion, much less reasons to support those grounds. He also does not "quote verbatim each interrogatory, request for admission, or request for production to which [his motion] is taken." L.R. 26.5. Additionally, Plaintiff provides no certification to show that he has in good faith conferred or attempted to confer with the person or party who allegedly failed to make the disclosure in an effort to obtain a response without Court action. Fed. R. Civ. P. 37(a)(1). Plaintiff simply states that he requested items and sent interrogatories on August 2, 2016, and September 27, 2016, and "conferred with the Defendants [sic] Attorney on several occasions in regards of [sic] the items

2

I've requested[.]" (Doc. 35, p. 1.)  However, he provides no evidence of these submissions or conferences.  Accordingly, the Court **DENIES** Plaintiff's Motion to Compel **WITHOUT PREJUDICE**.  Plaintiff is directed to make good faith efforts to obtain the documents and information he seeks from Defendants without court intervention.  Those efforts should include formal discovery requests (if not already sent) and communications with Defendant's counsel.  If that effort proves unsuccessful, then Plaintiff may seek the Court's assistance.

## II.     Unexecuted Service as to Defendants CO II Dottson and CO II Cambell

Courts assist inmate plaintiffs—because they are confined and typically indigent—in effecting Rule 4 service.  See, e.g., Fowler v. Jones, 899 F.2d 1088, 1095 (11th Cir. 1990) ("*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service where such failure is not due to fault on the litigant's part.").  However, the Court ordinarily does not have an obligation to assist an inmate in effecting service beyond "directing the Marshal to serve process on those parties (and their addresses) clearly identified by the inmate-plaintiff."  Simmons v. Prison Health Servs. Inc., No. CV408-239, 2009 WL 2914103, at *1 (S.D. Ga. Sept. 10, 2009); see also Smith v. Belle, 321 F. App'x 838, 845 (11th Cir. 2009) (dismissal was proper where prisoner, proceeding *in forma pauperis* in a Section 1983 action, failed to provide current address for defendant so that process could be served, despite being warned that failure to do so would result in dismissal); Salas v. Tillman, 162 F. App'x 918, 923 (11th Cir. 2006) (*pro se in forma pauperis* prisoner was not entitled to a continuance so that service could be completed on corrections officers in his civil rights claim, where prisoner was aware of his failure to provide service but made no attempt to remedy the service problem).

However, where an incarcerated plaintiff attempts to obtain a defendant's address for service but is unable to do so, courts can provide additional assistance. See, e.g., Coleman v. Sweetin, 745 F.3d 756, 766 (5th Cir. 2014) (overturning dismissal for failure to serve where service ineffective at address provided by the attorney general but plaintiff sought to conduct additional discovery); Brooks v. Munoz, No. 10CV0277 JAH(NLS), 2010 WL 2523939, at *1 (S.D. Cal. June 21, 2010) (ordering deputy attorney general assigned to case to provide court with address where defendant could be served).

Here, Plaintiff has not entirely ignored his obligation to provide a current address where Defendants CO II Dottson and CO II Cambell may be served. Plaintiff identified these Defendants in his Complaint on September 21, 2015, and provided the address of their place of employment. However, it appears that these Defendants are no longer employed at Georgia State Prison.[1] Given Plaintiff's incarcerated status, he is unable to identify the current places of employment or residential addresses of Defendants CO II Dottson or CO II Cambell through no fault of his own. Given these extenuating circumstances, the Court **ORDERS** the United States Marshal to make a reasonable effort to locate Defendants CO II Dottson and CO II Cambell and to personally serve them with a copy of Plaintiff's Complaint, (doc. 1), as well as this Order and Documents Numbered 9 and 10. Moreover, the Court finds good cause to extend the time period for service to December 9, 2016. Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to timely serve the complaint], the court must extend the time for service for an appropriate period."). By that date, the Marshal shall update the Court on his efforts to serve Defendants CO II Dottson and CO II Cambell.

---

[1] Although a prison official received the certified mail containing waiver of service sent by the United States Marshals on January 27, 2016, service was returned as unexecuted on November 9, 2016.

4

The Court expects that the Marshal's efforts to serve Defendants CO II Dottson and CO II Cambell will include contacting representatives of the Georgia Department of Corrections and/or the Georgia Attorney General's Office to obtain Defendants' last known addresses. Accordingly, the Court **ORDERS** those entities to provide the United States Marshal with Defendants CO II Dottson and CO II Cambell's last known addresses and any other information they may have regarding these Defendants' whereabouts. Additionally, given the inherent security concerns surrounding Defendants' personal information, the United States Marshal shall not publicly disclose any information regarding Defendants CO II Dottson and CO II Cambell's residence or location and shall redact any such information from any materials filed on the docket in this case.

The Court notes that this assistance is an extraordinary remedy employed only due to the facts of this case. Such assistance has not been and will not be the regular practice of this Court. Further, Plaintiff is forewarned that he ultimately has the responsibility for serving Defendants CO II Dottson and CO II Cambell, and, if these efforts are unsuccessful, the Court will dismiss his claims against these Defendants. See Penton v. Nunez, No. 2:11-CV-0518 GEB KJN, 2014 WL 4244013, at *2 (E.D. Cal. Aug. 26, 2014) (dismissing case after inability to locate and serve defendant at address provided by deputy attorney general); Williams v. Hodges, No. CIV.A H-08-2082, 2010 WL 518776, at *5 (S.D. Tex. Jan. 31, 2010) (dismissing case "because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office.")

## CONCLUSION

For reasons and in the manner set forth above, the Court **DENIES** Plaintiff's Motion to Compel. (Doc. 35.) Furthermore, the Court provides additional assistance to Plaintiff to achieve

service in this case. Specifically, the Court **DIRECTS** the United States Marshal to make reasonable efforts to locate and personally serve Defendants CO II Dottson and CO II Cambell, as set forth in this Order.

**SO ORDERED**, this 17th day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA