# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

RONTRAVIOUS PORTER,

    Plaintiff,

v.

RONNIE SHUMAKE; C.O. II DOTTSON;
C.O. II SAPP; C.O. II CAMBELL,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-113

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff's failure to comply with the Court's Order of December 30, 2016, (doc. 45), and his failure to prosecute this action. For the following reasons, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendant Cambell for failure to follow the Court's directive and failure to prosecute, and **DISMISS AS MOOT** Defendant Cambell's Motion to Dismiss. (Doc. 43.) I also **RECOMMEND** the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendant Dottson. The Court **DISMISSES AS MOOT** Defendant Cambell's Motion to Stay Proceedings, (doc. 47).

## BACKGROUND

On September 21, 2015, Plaintiff, proceeding *pro se*, filed a Complaint contesting an alleged use of force during his incarceration at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) After the requisite frivolity review of Plaintiff's Complaint, I concluded that Plaintiff set forth viable Eighth Amendment claims against Defendants in their individual capacities. (Doc. 9.) In that Order, the Court directed the United States Marshal to serve Defendants

Shumake, CO II Dottson, CO II Sapp, and CO II Cambell with a copy of Plaintiff's Complaint and the January 13, 2016, Report and Recommendation. (Id. at pp. 1, 8.) The Court also instructed Plaintiff that if he "does not press his case forward, the Court may dismiss it for want of prosecution." (Id. at p. 11.) The Court specifically informed Plaintiff of his obligation to respond to a motion to dismiss within 14 days of service of such a motion. (Id. at p. 12.) The Court explained that, should Plaintiff fail to respond to such a motion, the Court will assume that he does not oppose the Motion. (Id.) Defendants Sapp and Shumake subsequently filed a Motion to Dismiss, (doc. 13), which Plaintiff responded to, (docs. 19, 23). The Court granted in part and denied in part the Motion to Dismiss, (doc. 30).

On November 9, 2016, service of process forms for Defendants Dottson and Cambell were returned unexecuted. (Docs. 36, 37.) On November 17, 2016, this Court directed the United States Marshal to "make reasonable efforts to locate and personally serve Defendants Dottson and Cambell." (Doc. 39, p. 1.) Shortly thereafter, service was returned executed by Defendant Cambell and unexecuted as to Defendant Dottson. The United States Marshal noted on the return receipt that, "Dottson is currently stationed in Germany as a civilian Dept. of Defense employee." (Doc. 41, p. 1.) On December 23, 2016, Defendant Cambell moved to dismiss, (doc. 43), and the Court ordered Plaintiff to respond. (Doc. 46.) The Court further instructed Plaintiff that a failure to timely respond will result in the Court "determin[ing] that Plaintiff does not oppose the Motion." (Id. at p. 2.)

**DISCUSSION**

I. **Dismissal of Claims Against Defendant Cambell**

The Court must now determine how to address Plaintiff's failure to comply with this Court's Orders and his failure to respond to Defendant Cambell's Motion to Dismiss. A district

court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), ("Rule 41(b)"), and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court repeatedly advised Plaintiff that her failure to respond to the Motion to Dismiss would result in dismissal of this action.

616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases and claims with caution, dismissal of Plaintiff's claims against Defendant Cambell without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite the Court advising Plaintiff on multiple occasions of his obligation to respond to Defendant Cambell's Motion to Dismiss and the consequences for failing to respond, Plaintiff has not filed any opposition to Defendant Cambell's Motion. Furthermore, Plaintiff is particularly aware of the Court's procedures regarding motions to dismiss. He previously responded to the Motion to Dismiss filed by Defendants Shumake and Sapp after filing several extensions of time to respond. Thus, Plaintiff is aware of the importance of responding to a Motion to Dismiss and the procedures for acquiring an extension of time should it be necessary. Here, Plaintiff neither responded to Defendant Cambell's Motion nor filed for an extension of

time to do so. Accordingly, it is clear that Plaintiff has ignored his obligations to prosecute this case and to follow this Court's directives or indicates that he does not contest Defendant Cambell's Motion to Dismiss.

Therefore, I **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims as to Defendant Cambell.

## II.     Dismissal of Claims Against Defendant Dottson

District courts possess broad discretion to dismiss a plaintiff's complaint for failure to effect service or to quash service of process. See Marshall v. Warwick, 155 F.3d 1027, 1032–33 (8th Cir. 1998); Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992). Additionally, "if a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Because Plaintiff was proceeding *in forma pauperis* in this case, the United States Marshal assisted with effecting proper service. After service was returned unexecuted on November 9, 2016, the Court extended the time period for service to December 9, 2016, and ordered the Georgia Attorney General's Office and the Georgia Department of Corrections to assist the United States Marshal with information regarding Defendants Cambell and Dottson's whereabouts. (Doc. 39, pp. 4–5.) The Court also advised Plaintiff that this "assistance is an extraordinary remedy" and that "Plaintiff . . . ultimately has the responsibility for serving Defendants." (Id. at p. 5.) Furthermore, the Court warned Plaintiff that "if these efforts are unsuccessful, the Court will dismiss his claims against these Defendants." (Id.) Service upon Defendant Dottson has been unsuccessful despite the extraordinary assistance from the United States Marshal and the extended time period for service. It appears that Defendant Dottson no

5

longer resides within the United States. Plaintiff has not made any independent effort to assist the Court's efforts in having Defendant Dottson served or otherwise fulfill his obligation of service in this case. Thus, dismissal is warranted. See Penton v. Nunez, No. 2:11-CV-0518 GEB KJN, 2014 WL 4244013, at *2 (E.D. Cal. Aug. 26, 2014) (dismissing case after inability to locate and serve defendant at address provided by deputy attorney general); Williams v. Hodges, No. CIV.A H-08-2082, 2010 WL 518776, at *5 (S.D. Tex. Jan. 31, 2010) (dismissing case "because the United States Marshal has been unable to complete service of process based on the information provided by the plaintiff and the State Attorney General's Office.")

Accordingly, I also **RECOMMEND** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendant Dottson based on Plaintiff's inability to effect service on this Defendant.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendant Cambell and Defendant Dottson. Additionally, I **RECOMMEND** the Court **DISMISS AS MOOT** Defendant Cambell's Motion to Dismiss, (doc. 43). The Court **DISMISSES AS MOOT** Defendant Cambell's Motion to Stay Proceedings, (doc. 47).

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of January, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA